UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK       **10 CV 07230 (LBS)**
--------------------------------------------------------------X
BEVERLY CHANEY

              Plaintiff,              **AMENDED**
                                              **COMPLAINT**

vs.

CITY OF NEW YORK, NEW YORK CITY       **JURY TRIAL**
POLICE DEPARTMENT, POLICE OFFICER     **DEMANDED**
GREGORY RIVERA, POLICE SERGEANT
ANDY WONG AND POLICE OFFICER
WILLIAM HUANG.

              Defendants.
--------------------------------------------------------------X

      Plaintiff BEVERLY CHANEY by her attorney, LAW OFFICES OF MURPHY

and ASSOCIATES, P.C., complaining of the defendants herein, respectfully allege as

follows:

## PRELIMINARY STATEMENT

      1.      This is an action to recover money damages arising out of defendants'

violation of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C.

§§1983, 1985, 1986 and 1988, and of rights secured by the First, Fourth, Fifth,

Eighth and Fourteenth Amendments to the United States Constitution, and the

laws of the State of New York. Plaintiffs BEVERLY CHANEY is of African

descent with no criminal records and no prior arrests. Plaintiff BEVERLY

CHANEY was fifty years old at the time of the incident. Plaintiff, while doing

nothing illegal or improper was deprived of her constitutional and common law

rights when defendants, POLICE OFFICERS GREGORY RIVERA, POLICE

SERGEANT ANDY WONG AND POLICE OFFICER WILLIAM HUANG

RECEIVED
APR 14 2011
U.S.D.C. S.D. N.Y.
CASHIERS

1

INVOLVED IN THE OCCURRENCE HEREIN (hereinafter collectively referred to as the "individual police officer defendants"),  unlawfully discriminated against her on the basis of race, creed, color, gender, sexual orientation and/or national origin,  assaulted and battered plaintiff, used unnecessary and excessive force upon plaintiff, unlawfully detained plaintiff, falsely arrested plaintiff, unlawfully imprisoned plaintiff, falsely accused plaintiff of crimes that she did not commit, causing plaintiff to become physically, psychologically and emotionally injured and prosecuted for crimes that she did not commit until the criminal cases were ultimately dismissed  and sealed shortly after the incident occurred.

## JURISDICTION

2.      This action is brought pursuant to Civil Rights Act, 42 U.S.C. §§1983, 1985, 1986 and 1988, and of rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343 and the aforementioned statutory and constitutional provisions.

3.      Plaintiffs further invoke this Court's supplemental  jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) because the claims arose in this district.

2

## PARTIES

Plaintiff BEVERLY CHANEY was and still is a resident of the County, of Bronx, in the City and State of New York.

5.      At all times relevant herein, defendant POLICE OFFICER, GREGORY RIVERA shield number 2486 and Tax number 942437, was, and still is, a police officer, agent, servant and employee of defendants, the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK, assigned to the 30th Precinct in the County, City and State of New York.

6.      At all times relevant herein, defendant POLICE SERGEANT ANDY WONG Tax number 927821  , was, and still is, a police officer, agent, servant and employee of defendants, the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK, assigned to the 30th Precinct in the County, City and State of New York.

7.      At all times relevant herein, defendant POLICE OFFICER, WILLIAM HUANG shield number 12359, was, and still is, a police officer, agent, servant and employee of defendants, the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK, assigned to the 30th Precinct in the County, City and State of New York.

8.      At all times relevant herein, defendants POLICE OFFICER GREGORY RIVERA, POLICE SERGEANT ANDY WONG AND POLICE OFFICER WILLIAM HUANG INVOLVED IN THE OCCURRENCE HEREIN, were police officers of the New      York City Police Department.  At all times relevant herein, they were acting in their respective capacities as agents, servants and

3

employees of defendants the NEW YORK CITY POLICE DEPARTMENT and the CITY OF NEW YORK.

9.      At all times relevant herein, the individual police officer defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of defendant the NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of defendant the NEW YORK CITY POLICE DEPARTMENT at all times relevant herein, with the power and authority vested in them as officers, agents and employees of defendant the NEW YORK CITY POLICE DEPARTMENT and incidental to the lawful pursuit of their duties as officers, employees and agents of defendant the NEW YORK CITY POLICE DEPARTMENT.

10.      In the alternative, at all times relevant hereto, the individual police officer defendants were acting individually and they are also being sued herein in their individual capacities.

11.      Defendant the CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by defendant the NEW YORK CITY POLICE

DEPARTMENT.

## STATEMENT OF FACTS

12.     On or about September 16, 2008, at approximately 6:30 p.m., plaintiff

BEVERLY CHANEY was seated in her car which was parked at 533 West 151st

Street in Manhattan, New York, New York. Patrol car 1633 pulled up almost

parallel to Beverly Chaney vehicle with two officers who were later identified as

officers Gregory Rivera and Andy Wong.  Officer Rivera who was the driver

stated to Beverly Chaney that "I think I will issue you a summons for parking too

close to the fire hydrant. Beverly Chaney stated to him that she would move her

vehicle which he responded, "NO". Officer Rivera then proceeded to request

Beverly Chaney's license and registration so he could issue a parking ticket.

Because Officer Rivera was behaving so erratic and requesting Beverly Chaney's

license and registration to write a parking summons Ms. Chaney alighted from her

vehicle with her notepad and wrote his name and badge number and proceeded

back to her vehicle. While parked at this location because of his erratic behavior

Plaintiff feared for her safety at this point knowing that an officer does not need a

license and registration to give a parking summons. Plaintiff reminded the officer

that he was not using proper protocol at which time Officer Rivera went berserk

and for her safety the Plaintiff sped off to the 30th precinct located at 451 West

151st Street between Convent and Amsterdam Avenue to file a civilian complaint

against Officer Rivera.

13.     Plaintiff BEVERLY CHANEY was never given an opportunity to say

anything to any of the police officers because she was grabbed without cause or

5

provocation, by Officer Rivera as soon as she exited the vehicle, spun around, assaulted, arms pinned behind her back, handcuffed, slammed against the ground and pepper sprayed her after she was handcuffed.

14.   Plaintiff Beverly Chaney was searched, fingerprinted, photographed, placed into a holding cell and otherwise processed and put through the system, without ever being given a reason for her arrest.

15.    Plaintiff was subsequently taken to Central Booking in Manhattan, where she was charged with reckless endangerment-2nd degree, obstruct governmental admin.-2nd degree, flee officer in motor vehicle-3rd degree, resisting arrest, aggravated unlicensed operating vehicle-3rd degree, dis/com:refusing to move on, mv viol:unlicensed operator,

16.    Plaintiff BEVERLY CHANEY was wrongfully charged by the New York County District Attorney's Office with Resisting Arrest, pursuant to Penal Law §205.30 (2), Disorderly Conduct: Refusing to move on, pursuant to Penal Law §240.20 06 (1), Obstruction of Government Administration in the 2nd Degree, pursuant to Penal Law §195.05 (1), Reckless Endangerment  in the 2nd Degree pursuant to Penal Law  §120.20 (1), Flee Officer in motor vehicle in the 3rd Degree, pursuant to Penal Law §270.25, Aggravated unlicensed operating vehicle in the 3rd Degree, pursuant to Penal Law §VTL0511 01A (1), Moving violation: Unlicensed operator, pursuant to Penal Law §VTL0509 04 (1)

17.   Plaintiffs BEVERLY CHANEY was caused to appear in court multiple times to fight the charges against her.

18.   The criminal cases against plaintiff BEVERLY CHANEY was

dismissed on or about September 15, 2008 and the case was sealed.

19.     As a result of the above-mentioned acts of defendants, plaintiff BEVERLY CHANEY suffered physical injuries, including, but not limited to, severe neck and back pain, extensive abrasions on her, and bruising to both wrists, deprivation of her liberty, loss of reputation, violation of due process and other Federal and state constitutional rights, and extreme emotional, mental and psychological anguish, including, but not limited to, humiliation, loss of sleep, nightmares, paranoia, anxiety, irritability, nervousness, discomfort and impairment of enjoyment of life and performance of daily activities.

20.     As a result of the above-mentioned acts of defendants, plaintiff BEVERLY CHANEY suffered headaches, deprivation of her liberty, loss of reputation, violation of due process and other Federal and state constitutional rights, and extreme emotional, mental and psychological anguish, including, but not limited to, humiliation, loss of sleep, nightmares, paranoia, anxiety, irritability, nervousness, discomfort and impairment of enjoyment of life, performance of daily activities.

21.     The above-mentioned acts were all conducted in violation of plaintiffs' Constitutional rights and were perpetrated by the individual police officer defendants under color of law.  Plaintiffs allege that defendants CITY OF NEW YORK and New York City POLICE DEPARTMENT are liable for the assault, battery, excessive force, unlawful detention, false arrest and unlawful imprisonment under a theory of Respondent Superior.  Similarly, defendant CITY OF NEW YORK is liable for maliciously prosecuting plaintiff under a theory of

Respondent Superior.   This is because, among other reasons, defendant the CITY OF NEW YORK has tolerated and permitted a pattern of illegal actions against persons, including assault, battery, excessive force, unlawful detention, false arrest and unlawful imprisonment, and has failed to maintain a proper system for reviewing these violations by police officers.  As a result, New York City police officers are encouraged to believe that they can violate the rights of persons, particularly African female plaintiffs with impunity.

40.     At all times mentioned herein, defendants acted intentionally, willfully, maliciously, negligently and with reckless disregard for and deliberate indifference to plaintiffs' rights.

**FIRST CAUSE OF ACTION**
**Violation of Plaintiffs' Federal Constitutional Rights**

22.     Plaintiff BEVERLY CHANEY repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 63 with the same force and effect as if more fully set forth at length herein.

23.     The detention of plaintiffs without probable cause and without an arrest warrant was an abuse of power, constituted a seizure within the meaning of the Fourth Amendment to the United States Constitution and deprived plaintiffs of their liberty.

24.     The seizure and deprivation of plaintiffs' liberty were unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

25.     As a direct and proximate result of the above-mentioned unlawful and malicious acts committed by the individual police officer defendants, all

committed under color of their authority as police officers, and while acting within that capacity, plaintiffs suffered physical harm, deprivation of their liberty and emotional damage, all of which is in violation of their rights under the Constitution and laws of the United States, in particular the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution and 42 U.S.C. §§1983, 1985, 1986 and 1988.

26.     As a further result of the above-mentioned unlawful and malicious acts committed by the individual police officer defendants, plaintiff was deprived of her rights and immunities secured by the Constitution and laws of the State of New York including, but not limited to, their rights to be secure in their person, to be free from unreasonable search and seizure and punishment without due process, and to equal protection of the laws.

27.     By assaulting and battering plaintiffs and by subjecting plaintiffs to false arrest, imprisonment and prosecution, the defendants directly violated the rules and regulations of the New York City Police Department.

28.     That by reason of the foregoing, plaintiff suffered serious physical and/or emotional injuries all to their damage in the sum of One Million Dollars ($1,000,000.00)

## SECOND CAUSE OF ACTION
### Assault

29.     Plaintiff BEVERLY CHANEY repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 63 with the same force and effect as if more fully set forth at length herein.

30.     Defendants, their agents, servants and employees, acting within the scope

of their employment, intentionally, willfully and maliciously assaulted plaintiffs in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act(s). This threatened such contact to plaintiff and that such act(s) caused apprehension of such contact to plaintiff.

31.    The individual police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by defendants the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

32.    Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

33.    That by reason of the foregoing, plaintiff suffered serious physical and/or emotional injuries all to their damage in the sum of One Million Dollars ($1,000,000.00) .

### THIRD CAUSE OF ACTION
#### Battery

34.    Plaintiff BEVERLY CHANEY repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 63 with the same force and effect as if more fully set forth at length herein.

35.    Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff, then they, in a hostile and/or offensive manner forcibly touched plaintiffs without plaintiff' consent and with the intention of causing harmful and/or offensive

bodily contact to plaintiff and caused such battery.

36.     The individual police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by defendants the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

37.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

38.     That by reason of the foregoing, plaintiff suffered serious physical and/or emotional injuries all to their damage in the sum of One Million Dollars ($1,000,000.00)

### FOURTH CAUSE OF ACTION
### False Arrest

39.     Plaintiffs BEVERLY CHANEY repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 63 with the same force and effect as if more fully set forth at length herein.

40.     The above-mentioned acts and conduct committed by the defendants constituted false arrest without cause or justification and defendants violated plaintiff' rights under the Constitution and laws of the State of New York.

41.     The defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of such confinement.  In addition, plaintiff did not consent to the confinement and such confinement was not otherwise privileged.

42.     The individual police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by defendants the

CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

43.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

44.     That by reason of the foregoing, plaintiff suffered serious physical and/or emotional injuries all to their damage in the sum of One Million Dollars ($1,000,000.00)

**FIFTH CAUSE OF ACTION**
**False Imprisonment**

45.     Plaintiff BEVERLY CHANEY repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 63 with the same force and effect as if more fully set forth at length herein.

46.     The above-mentioned acts and conduct committed by the defendants constituted false imprisonment and defendants violated plaintiffs' rights under the constitution and laws of the State of New York.

47.     The defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff were conscious of such confinement.  In addition, plaintiff did not consent to the confinement and such confinement was not otherwise privileged.

48.     The individual police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by defendants the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

49.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental

jurisdiction to hear and adjudicate such claims.

50.     That by reason of the foregoing, plaintiff suffered serious physical and/or emotional injuries all to their damage in the sum of One Million Dollars ($1,000,000.00)

## SIXTH CAUSE OF ACTION
### Negligence

51.     Plaintiff BEVERLY CHANEY repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 63 with the same force and effect as if more fully set forth at length herein.

52.     The above-mentioned acts and conduct committed by the individual police officer defendants constituted negligence for their failure to prevent the unlawful discrimination against plaintiff and the unlawful search, seizure, assault, arrest, imprisonment and malicious prosecution of plaintiff, failure to investigate the allegations made against plaintiff, failure to interview potential witnesses and failure to otherwise handle the situation properly pursuant to the procedures and guidelines set forth by defendant the NEW YORK CITY POLICE DEPARTMENT, despite having a reasonable opportunity to do so.

53.     That by reason of the foregoing, plaintiffs suffered serious physical and/or emotional injuries all to their damage in the sum of One Million Dollars ($1,000,000.00)

## SEVENTH CAUSE OF ACTION
### Negligent Hiring, Retention, Training and Supervision

54.     Plaintiffs BEVERLY CHANEY repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 63 with the same

force and effect as if more fully set forth at length herein.

55.     Defendants CITY OF NEW YORK and NEW YORK CITY POLICE
DEPARTMENT and its employees, servants and/or agents acting within the
scope of their employment did negligently hire, retain, train and supervise the
individual police officer defendants who were unfit for the performance of police
duties on the date, time and place of this incident.

56.     The failure of the Mayor of the City of New York and the Police
Commissioner of the New York City Police Department to adequately hire, retain,
train, supervise, discipline, or in any other way control the behavior of the
individual police officer defendants in the exercise of their police functions, and
their failure to enforce the laws of the State of New York and the regulations of
the New York City Police Department is evidence of the reckless disregard for the
rights of the public, including plaintiffs, and exhibited a lack of degree of due care
which prudent and reasonable individuals would show in executing the duties of
the Mayor and Police Commissioner.

57.     Such conduct was carried out willfully, wantonly, maliciously and with
reckless disregard for the dangers of harm and injury to the citizens of the State of
New York, including plaintiffs.

58.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental
jurisdiction to hear and adjudicate such claims.

59.     That by reason of the foregoing, plaintiffs suffered serious physical and/or
emotional injuries all to their damage in the sum of One Million Dollars
($1,000,000.00)

### EIGHTH CAUSE OF ACTION
### Discrimination on the Basis of Race

60.     Plaintiffs BEVERLY CHANEY repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 63 with the same force and effect as if more fully set forth at length herein.

61.     By their conduct as set forth above, the defendants demonstrated that they were motivated in their unlawful actions by reasons of discrimination on the bases of race, creed, color, gender, sexual orientation and/or national origin against plaintiffs, in violation of the New York Human Rights Law and the New York Executive Law, as well as under the laws of the Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments, and their rights under the Constitution and other laws of the State of New York.

62.     That by reason of the foregoing, plaintiffs suffered serious physical and emotional injuries all to their damage in the sum of One Million Dollars ($1,000,000.00)

### JURY DEMAND

63.     Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand the following relief jointly and severally against all defendants as follows:

(1)     On the FIRST CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00)

(2)     On the SECOND CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00)

(3).     On the THIRD CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00)

(4).     On the FOURTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00)

(5)     On the FIFTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00)

(6)     On the SIXTH CAUSE OF ACTION against defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00)

(7)     On the SEVENTH CAUSE OF ACTION against defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00) as to each plaintiff;

(8)     On the EIGHTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of One Million Dollars ($1,000,000.00)

(9)     That plaintiff recover the cost of the suit herein, including reasonable

        attorneys fees, pursuant to 42 U.S.C. §1988; and

(10)    That plaintiff has such other and further relief as this Court shall deem just

        and proper.


Dated: April 13, 2011
       New York, New York


_____
MARCIA MURPHY BIONDO, ESQ. (MM1313)
LAW OFFICES OF MURPHY & ASSOCIATES, P.C.
Plaintiffs' Attorney
103 East 125th Street, Suite 1102
New York, New York 10035
(212) 423-1030